**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSE JUARBE,**

                  **Plaintiff,**

  vs.                                             **9:15-CV-01485
                                                         (MAD/DEP)**

**JOHN CARNEGIE, Correctional Officer,
Mid-State Correctional Facility; ROBERT HART,
Correctional Officer, Mid-State Correctional Facility;
MARK TOLMAN, Correctional Officer, Mid-State
Correctional Facility,**

                  **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**JOSE JUARBE**
14-A-5209
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff _Pro Se_

**OFFICE OF THE NEW YORK**          **HELENA LYNCH, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    _Pro se_ Plaintiff, Jose Juarbe ("Plaintiff"), currently incarcerated at Southport Correctional Facility, brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"). _See_ Dkt. No. 1. On March 7, 2016, Correction Officers John Carnegie, Robert Hart, and Mark Tolman (collectively, "Defendants") moved for summary judgment in lieu of an answer, _see_ Dkt. No. 20, and Plaintiff opposed that motion, _see_ Dkt. Nos. 26, 30, 33. On April 8, 2016, Plaintiff cross-

moved for summary judgment on the issue of liability, *see* Dkt. No. 28, and Defendants opposed that motion, *see* Dkt. No. 36. On October 7, 2016, Magistrate Judge David E. Peebles issued a Report and Recommendation, recommending that both motions for summary judgment be denied. *See* Dkt. No. 44. The parties have not filed any objections to the Report and Recommendation.

Plaintiff alleges that, on June 24, 2015, while he was incarcerated at Mid-State Correctional Facility ("Mid-State"), Defendant Tolman removed Plaintiff from his cube and took him to a dayroom, where Defendant Tolman threw Plaintiff against a wall. *See* Dkt. No. 1 at 2-3. Plaintiff claims that Defendants Hart, Carnegie, and an unknown corrections officer then took Plaintiff into the hallway and assaulted him. *See id.* at 3. Plaintiff was examined at the Mid-State infirmary after the incident and complained of various injuries to his face, shoulders, and leg. *See* Dkt. No. 28-1 at 2-3. Plaintiff claims that he was transferred to the Auburn Correctional Facility ("Auburn") the morning after the alleged assault and placed into a special housing unit ("SHU") cell, where he filed two grievances regarding the assault at Mid-State. *See* Dkt. No. 26-2 at 2-3. However, Plaintiff never received a response or decision regarding the grievances, and a sergeant at Auburn told Plaintiff that nothing could be done at Auburn concerning the assault that allegedly occurred at Mid-State. *See id.*

In their motion for summary judgment, Defendants argue that Plaintiff failed to exhaust his administrative remedies that were available to him prior to commencing this Section 1983 action, which is in violation of the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a). *See* Dkt. No. 20-1 at 7. Specifically, Defendants argue that Plaintiff was required to file a grievance at Mid-State instead of Auburn because the alleged conduct occurred at Mid-State. *See id.* In Plaintiff's motion for summary judgment, he argues that there are no questions of material fact regarding the force that Defendants used against him, and that he is entitled to

judgment as a matter of law. *See* Dkt. No. 28-2 at 10-14. Defendants counter that Plaintiff cannot establish that he was subjected to excessive force as a matter of law, and that Plaintiff's motion is premature as there has been no discovery. *See* Dkt. No. 36 at 10-13.

In an October 7, 2016 Report and Recommendation, Magistrate Judge Peebles recommended that both motions for summary judgment be denied. *See* Dkt. No. 44 at 25. Specifically, Magistrate Judge Peebles found that Defendants' motion should be denied since Defendants have not shown that Plaintiff was required to file a grievance at Mid-State instead of Auburn. *See id.* at 15-16. Further, Magistrate Judge Peebles concluded that administrative remedies were "unavailable" to Plaintiff under the Supreme Court's decision in *Ross v. Blake*, 136 S. Ct. 1850 (2016), and as such, Plaintiff was not required to exhaust administrative remedies. Magistrate Judge Peebles concluded that, although Plaintiff claims that he filed two grievances at Auburn, there is no conclusive evidence that Plaintiff's grievances were actually recorded as having been filed at Auburn. *See* Dkt. No. 44 at 16-17. As long as Plaintiff's grievances were not actually filed, then Plaintiff's current situation falls squarely within the Second Circuit's decision in *Williams v. Correction Officer Priatno*, 829 F.3d 118 (2d Cir. 2016). In *Williams*, the Second Circuit held that when a plaintiff's grievance is both unfiled and unanswered, the regulations do not clearly outline the process to appeal or otherwise exhaust administrative remedies, and therefore, the administrative remedies are unavailable under *Ross*. *See Williams*, 829 F.3d at 123-25. As such, Magistrate Judge Peebles recommended that Defendants' motion for summary judgment be denied. Magistrate Judge Peebles further recommended that Plaintiff's cross-motion be denied because of the parties' starkly contrasting versions of events and because questions of fact remain as to whether Defendants' use of force was justified. *See* Dkt. No. 44 at 24.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004). Here, the parties have not filed any objections to the Report and Recommendation.

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43

F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(e)).

In assessing the record to determine whether any such issues of material fact exist, courts are required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, this does not mean that a *pro se* litigant is excused from following the procedural

5

requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)).

The Prison Litigation Reform Act ("PLRA") states that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement applies to all suits brought by inmates regarding aspects of prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002).

New York State has a three-step administrative review process. First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), and the IGRC has up to sixteen days to informally resolve the issue. *See* N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") tit. 7, § 701.5(b). If the issue is not informally resolved, there is a formal IGRC hearing to answer the grievance or make a recommendation to the superintendent. *See id.* Second, if the IGRC decision is appealed, the superintendent of the facility issues a decision after reviewing the IGRC's determination. *See id.* § 701.5(c). Third, if the superintendent's decision is appealed, the final administrative decision is made by the Central Office Review Committee ("CORC"). *See id.* § 701.5(d). If all three of these levels of review are exhausted, then the prisoner may seek relief in federal court pursuant to Section 1983. *See Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *Singh v. Goord*, 520 F. Supp. 2d 487, 495-96 (S.D.N.Y. 2007) (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

Section 1997e(a) of the PLRA provides that only administrative remedies that are "available" must be exhausted before a plaintiff brings a Section 1983 action. *See* 42 U.S.C. §

6

1997e(a). The Supreme Court's recent decision in *Ross* identified several situations in which administrative remedies are "unavailable": (1) when the procedure operates as a simple dead end, with officers consistently unwilling to provide any relief; (2) when an administrative scheme is so opaque that it becomes essentially incapable to use; and (3) when prison administrators prevent inmates from using the grievance process. *See Ross*, 136 S. Ct. at 1859-60.

In *Williams*, the Second Circuit had to determine whether administrative remedies were "available" when the plaintiff's grievance was allegedly never filed and the plaintiff received no response. *Williams*, 829 F.3d at 120-21. The Second Circuit concluded that the regulations do not clearly outline the process to appeal an unfiled and unanswered grievance. *See id.* at 124. As such, the Second Circuit held that "the grievance procedures that were technically available to [the plaintiff] are so opaque and confusing that they were, 'practically speaking, incapable of use.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859).

In the present matter, the Court agrees with Magistrate Judge Peebles that Defendants' motion for summary judgment should be denied. At the outset, Defendants' argument that Plaintiff was required to file the grievance at Mid-State is unavailing. The cases cited by Defendants do not directly support their assertion, and the regulations state that grievances should "only be filed at the facility where the inmate is housed even if it pertains to another facility." *See* 7 N.Y.C.R.R. § 701.5(a). Since Plaintiff claims that he was transferred to Auburn after the incident and filed the grievance at Auburn, he was not required to file the grievance at Mid-State.[1]

---

[1] Defendants argue that Plaintiff's transfer to Auburn did not occur the day after the alleged incident. *See* Dkt. No. 36-1 at 1. The Court agrees with Magistrate Judge Peebles that questions of fact still remain as to when Plaintiff was transferred. *See* Dkt. No. 44 at 14 n.9. However, in viewing the facts most favorable to the non-moving party, the Court assumes for the purposes of Defendants' motion that Plaintiff was transferred the day after the incident.

7

The Court also agrees with Magistrate Judge Peebles that Plaintiff's situation is, at least when drawing all inferences in Plaintiff's favor, very similar to the situation in *Williams* where the grievances were both unanswered and unfiled. Here, Plaintiff's grievance was certainly unanswered, and Defendants do not seem to contest that point. *See* Dkt. No. 26-2 at 2-3; Dkt. No. 20-1 at 3. The only question is whether Plaintiff's grievances can be considered unfiled. Magistrate Judge Peebles noted that, while Plaintiff alleges that he filed two grievances at Auburn, there is no conclusive evidence that the grievances were recorded as having been filed. Moreover, Defendants have provided no evidence that any Auburn official received or processed Plaintiff's grievances. Although Plaintiff does not specify exactly how he "filed" the grievances, according to the Inmate Grievance Program, inmates in the SHU are instructed to file grievances by giving them to a corrections officer to file on behalf of the inmate. *See* 7 N.Y.C.R.R. § 701.7. Here, when Plaintiff asked the SHU sergeant about his grievances, the sergeant allegedly replied that since the incident happened at Mid-State, there was nothing that could be done at Auburn concerning the alleged assault. *See* Dkt. No. 26-2 at 2-3. There is no clear indication from Defendants that the grievances were ever technically filed at Auburn. At the very least, questions of fact remain regarding the filing of the grievances, which precludes summary judgment. As such, at least when drawing all inferences in the non-moving party's favor, Plaintiff's grievances were both unfiled and unanswered. The Second Circuit has held that in that situation, the procedures "are so opaque and confusing that they were, 'practically speaking, incapable of use.'" *Williams*, 829 F.3d at 126 (quoting *Ross*, 136 S. Ct. at 1859). Since the procedures were incapable of use, they are considered "unavailable" to Plaintiff, and Plaintiff "need not exhaust remedies if they are not 'available.'" *Ross*, 136 S. Ct. at 1855. Accordingly, Defendants' motion for summary judgment is denied without prejudice.

The Court also agrees with Magistrate Judge Peebles that Plaintiff's motion for summary judgment should be denied. The parties offer very different versions of events regarding the alleged assault. Defendants contend that, on the night of the incident, Plaintiff was acting suspiciously and tried to conceal an item in his pocket. *See* Dkt. No. 36-4 at 2. Defendants also claim that Plaintiff struck Defendant Carnegie in the face with his elbow when Defendant Carnegie tried to restrain him. *See id.* Plaintiff also allegedly punched Defendants Tolman and Hart several times. *See id.*; Dkt. No. 36-6 at 2. As such, genuine issues of material fact exist regarding the incident, including whether the force applied by Defendants was justified. Accordingly, Plaintiff's motion for summary judgment is denied.

After carefully considering Magistrate Judge Peebles's October 7, 2016 Report and Recommendation, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles's October 7, 2016 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 20) is **DENIED**; and the Court further

**ORDERS** that Plaintiff's cross-motion for summary judgment (Dkt. No. 28) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: November 23, 2016
      Albany, New York

Mae A. D'Agostino
U.S. District Judge