**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSE JUARBE,**

                               **Plaintiff,**

   vs.                                               **9:15-cv-1485**
                                                       **(MAD/DEP)**

**JOHN CARNEGIE,** *Correctional Officer,*
*Mid-State Correctional Facility, formerly*
*known as* Carnegie; **ROBERT HART,**
*Correctional Officer, Mid-State Correctional*
*Facility; and* **MARK TOLMAN,** *Correctional*
*Officer, Mid-State Correctional Facility,*

                              **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**JOSE JUARBE**
**14-A-5209**
Attica Correctional Facility
Box 149
Attica, New York 14011
*Plaintiff pro se*

**OFFICE OF THE NEW YORK**          **KYLE W. STURGESS, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On December 16, 2015, Plaintiff *pro se* Jose Juarbe ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections, filed a complaint (the "Complaint") in the Northern District of New York against Defendants John Carnegie, Robert Hart, and Mark Tolman

(collectively, "Defendants") pursuant to 42 U.S.C. § 1983.  *See* Dkt. No. 1.[1]  The Complaint asserted that Defendants used excessive force while Plaintiff was restrained in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  *See id.* at 5.  On August 28, 2017, Defendants filed a motion for summary judgment.  *See* Dkt. No. 91.  On December 1, 2017, Plaintiff filed a response in opposition.  *See* Dkt. No. 97.  On February 16, 2017, Magistrate Judge Peebles issued a Report and Recommendation recommending that the Court grant Defendants' motion for summary judgment.  *See* Dkt. No. 99.  Plaintiff did not file any objections to Magistrate Judge Peebles's Report and Recommendation.

     The alleged assault occurred on June 24, 2015, while Plaintiff was an inmate at Mid-State Correctional Facility ("Mid-State CF").  *See* Dkt. No. 91-3 at 4.  Plaintiff elbowed Defendant Carnegie in the face just as the officer was preparing to perform a frisk search of him.  *See id.*  At that point, according to Defendants Hart and Tolman, Plaintiff then attacked them with closed fist punches.  *See id.*  Plaintiff refused to comply with orders to cease his assault as Defendants attempted to restrain him.  *See id.*  Plaintiff denies striking Defendants in his statement of material facts.  However, he has failed to cite to any evidence in the record supporting his denials.  *See* Dkt. No. 97 at 3.

     Plaintiff and Defendants all suffered injuries during the fight.  Plaintiff suffered from minor scratches and abrasions.  *See* Dkt. No. 91-5 at 12.  Defendants Hart and Tolman were forced to miss some work as a result of their injuries.  *See id.*; *see also* Dkt. No. 91-6 at 6.  Defendant Carnegie had to be hospitalized with a broken nose and broken ribs.  *See* Dkt. No. 91-2 at 3.

     Plaintiff was found guilty of an assault on staff and violent conduct by Auburn

---

[1] The cited page numbers for docket entries in this Order refer to those assigned by the Court's electronic filing system ("ECF").

Correctional Facility on June 30, 2015. *See* Dkt. No. 91-1 at 158. Plaintiff also pleaded guilty to one count of second degree assault on February 29, 2016 in Oneida County. *See* Dkt. No. 91-1 at 194.

Magistrate Judge Peebles found that Plaintiff's testimony denying starting and continuing the melee was not credible. As a result, Plaintiff failed to establish a triable dispute of fact that Defendants used excessive force in response to his assault. Although a court is generally prohibited from making a credibility determination at summary judgment, the Second Circuit allows a narrow exception under *Jeffreys v. City of New York.*, 426 F.3d 549 (2d Cir. 2005). The *Jeffreys* exception applies where the plaintiff must rely "almost exclusively on his own testimony," that is "contradictory and incomplete," and also contradicted by evidence produced by the defense. *Id.* at 554.

Magistrate Judge Peebles noted that the only support in the record for Plaintiff's position was his own statements. *See* Dkt. No. 99 at 20. Further, Magistrate Judge Peebles found that these statements were inconsistent. *See id.* at 20-22. For example, in some statements, Plaintiff said he could not recall what happened, while in others he denied striking any of the officers. *See id.* Finally, Magistrate Judge Peebles found that Defendants' documented injuries provided objective evidence of both the assault and Defendants' proportional use of force. *See id.* at 22-23.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See id.*; *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See Farid*, 554 F. Supp. 2d at 307; *see also Gamble v. Barnhart*, No. 02-CV-1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

Here, Plaintiff did not submit objections to Magistrate Judge Peebles's Report and Recommendation. Having reviewed Magistrate Judge Peebles February 16, 2018, Report and Recommendation, the record, and the applicable law, the Court concludes that Magistrate Judge Peebles correctly recommended that the Court should grant Defendants' motion for summary judgment and enter judgment in Defendants' favor.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles's Report and Recommendation (Dkt. No. 99) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 91) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 22, 2018
Albany, New York

Mae A. D'Agostino
U.S. District Judge

5